Adams, J.
This ease is before us on error to reverse a judgment of the common pleas court in an action .for damages for the publication of a libel.
The plaintiff, Fannie L. Valentine, filed her petition in the court below on the 30th of September, 1890. Her petition alleges the incorporation of the defendant, the fact of her marriage to one Eugene F. Valentine, and the death of her husband on tbe 15th day of April, 1889; and then alleges that on the 12th day of J une, 1890, the defendant falsely andmaliciously published of and concerning the plaintiff, in a certain newspaper, called the Alliance Standard Review, the following false, malicious and defamatory matter: — and then the petition sets out a copy of the alleged libelous article.
That article is long, and I will not take the time to read it. But thereupon the defendant, by its amended answer, admit *388 ted. the formal matters in the petition, of the incorporation of the defendant, the plaintiff’s marriage with Eugene F. Valentine, and his death; and also admits the publication of the article, a copy of which is set out in the petition; and then denies each and every averment in said petition not herein expressly admitted.
There was a second defense in that amended answer, which was a plea in full justification of the libel. That second defense was afterwards withdrawn.
This alleged libel was published on June 12, 1890, and this amended answer containing the second defense, was filed on February 15, 1892, and to that there was a reply of a general denial.
On the issues made by the petition, the first defense of this amended answer and the reply, the parties went to trial.
A few days before the trial in the court below, perhaps on the third day before, the defendant was given leave to withdraw the second defense in the answer. The trial resulted in a verdict for the plaintiff..
There are numerous errors assigned, and there is a bill of exceptions here, which does not, as an examination of it shows, set out all the evidence admitted in the trial below, and that is in fact conceded in argument here. The fact that the bill of exceptions does not set out all the evidence, disposes of two of the assignments of error here ; that is, that the verdict is excessive, and that the verdict is not sustained by sufficient evidence.
In the trial of the case, and on the cross-examination of the witness Brush, who was perhaps general manager of the defendant, or at least was manager at the time of his cross-examination, the plaintiff introduced in evidence a copy of the Police Gazette ; but as that copy is not attached to or made part-of the bill of exceptions, we think that the admission of that testimony, even if it was erroneous, cannot be considered by the court here.
Then another assignment of error is, that the court erred in *389 its charge to the jury on the question of malice, of the difference between implied malice and express malice; and the part to which our attention is particularly called, being excepted to, is the language of the court where it is stated “the law always presumes that in the publication of an article which is libelous in itself, it was published with a malicious intent. I say the law presumes this.” But that charge, or that part of the charge, must be taken in connection with the balance of the charge on the question of malice ; and on page 154 is the beginning of the charge of the court on the question of malice, and it reads as follows :
“The defendant is charged with having maliciously published the article complained of; and malice, either express or implied, is the gist of the action. Malice is of two kinds,— express and implied. Implied malice means malice in a legal sense, and is a wrongful act, intentionally done, without just cause or excuse. Express malice means an actual feeling of ill-will, and a desire to injure another; an act done with a bad motive, or with a wicked intention. Now, express malice is to be specifically proven. That is, it is to be proved by evidence not contained in the language itself.
“Plaintiff complains, or claims that the nature and character of this publication, and the charge contained in it, and that the subsequent re-publication of the same article, tended to show express malice; or as it is called, malice in fact. The defendant denies that in the publication of this article it was guilty of any express malice. It denies that the subsequent re-publication of the same article, or alleged re-publication of the same article, shows, or tends to show, any malice.
“The circumstances, grounds, motives and objects of the publication and re-publication are proper to be considered on the question of whether there was any malice on the part of the defendant. The nature of the publication, and the re-publication of the same article, are matters and circumstances that you are to take into account, in arriving at a conclusion as to whether or not there was actual malice in the publication of the article complained of. Implied malice is inferred from the falsehood of the charge, from the falsity of the libel, and need not be expressly proved. It is not necessary, to render a publication malicious, that the party be actuated by any feeling of ill-will,- *390 or that he entertain or pursue any bad purpose. He may be actuated by a good purpose, but, if in pursuing that purpose, he wilfiilly inflicts a wrong on another which is not warranted by law, such publication is malicious. The law always presumes that the publication of an article which is libelous in itself, was published with malicious intent. I say, the law presumes this.”
Now, taking that charge on the question of malice; taking it as a whole, we are of the opinion that it fairly and correctly states the rule of law, and draws the distinction fairly and correctly between implied malice and express malice.
Another ground of error is assigned in the testimony of the witness H. B. Coe, and perhaps some other witnesses whose testimony was in the same line; and the part objected to is :
“I will ask you whether or not you were so situated that had there been rumors in Ravenna — a rumor in the city of Ravenna — that Frank Valentine would have recovered if he had been given proper care and attention by his wife, you were so situated that if there had been such rumors afloat in that vicinity, you would have heard them ?”
It was assigned for error that the witness was, allowed to express the opinion that he was in a position where he would have heard those rumors if there had been any such rumors afloat in that vicinity. He further testified that he did not hear any such rumors; and on cross-examination, he shows that he was a traveling man, and that a very small part of his time was spent at his home in Ravenna; so that while this perhaps was not a proper subject for the opinion of the witness, yet, we think that taking the testimony altogether, that the error was slight; that it could not have fesulted in any prejudice to this plaintiff in error, the defendant below.
There is another ground of error which is used with great vigor here; and that is this second defense of the amended answer, which was a plea in justification, and which the defendant about three days before the trial was allowed to withdraw. On the trial of the case, the plaintiff was al *391 lowed to read that second defense in evidence to the jury, against the objection and exception of the defendant.
That second defense, or rather that entire answer which contains that second defense, had been on file in the court. below for something over a year; and leave was given to withdraw it on the third day before the trial began; but the second defense, so far as this record shows, was not actually withdrawn.
It is claimed that its admission in evidence was erroneous, and we are cited to a case, Gilmore v. Border, in Howard’s Mississippi Reports, vol. 1, part 2d, where a court does hold that where pleas of justification are pleaded and withdrawn, in an action for slander, such pleas are no part of the proceedings, and they are not legal evidence for the jury. The opinion in that case is very short, and while it discusses the question in brief in the syllabus which I have read, there is no discussion of the question; and we are not disposed to follow that authority. We think that it is well settled that a second publication of a libel is competent evidence to show the malicious intent of the defendant. And we think, that under the circumstances of this case, the fact that this answer, which was a plea in justification, as broad, perhaps, as the charge itself, was on file in the common pleas court, allowed to remain there for over a year, permission then given to withdraw it, that the withdrawal would not destroy its competency as evidence as a re-publication of the libel, and as tending to prove malice The withdrawal would only so much reduce the weight of this answer as evidence tending to show malice.
The remaining ground of error, which has been very ably argued, is that the court below erred in permitting the plaintiff to show in chief the falsity of the charge, and counsel claims that this was erroneous, and has cited us to several authorities, among others the case of Blakeslee v. Hughes, in 50 Ohio St. 490; the syllabus in that case is : “ The plaintiff’s action was a libel; the defense was justification. On the trial of the action in the court of common pleas, that court, over the defendant’s objection, permitted the plaintiff to give *392 in chief to the jury, evidence of his good character. The circuit court, solely on account of this ruling of the court of common pleas, reversed the judgment, and remanded the cause for a new trial. Held: That the circuit court did not err.”
We think that case does not sustain the contention of counsel on this question. That is, that what the court ruled there was that the general reputation was not permissible in evidence even where there was a plea of justification.
But in Newell on Libel and Slander, the text is that under the general issue, the plaintiff will not in ordinary cases be permitted to prove the falsity of the defamatory matter, either for the purpose of showing malice, or of enhancing his damages. And the citations in support of that are: Second Green-leaf on Evidence, section 419; Second Starkey on Slander, 59; and a case in the 34th Penn. St. 114.
Section 419, of Greenleaf on Evidence, where the text is substantially the same as in Newell, the only citation therein in support of the text is Starkey on Slander. Now, we have examined this case in the 34th Pennsylvania State, and it isa case exactly like the case in 50th Ohio State, to which I have referred, and does not support the case in Newell. Then there is a citation of a California case, 69 California,'527 ; and the citation here in Newell is that where language is actionable, and does not appear to be privileged, it is presumed to be both false and malicious, and no other evidence than the publication itself is'needed to establish a prima facie case for the plaintiff.
Then in Townsend on Slander and Libel, in a note on page 648, we find a reference to the case of Samuel Samuels v. The Evening Mail Association, 75 N. Y. 604, reversing the same case, (9 Hun, 288), and it was held that proof of falsity was sufficient evidence of malice to sustain a verdict for exemplary damages.
On examination of the 75th N. Y. 604, we find there is no opinion there; it simply says the case in 9th Hun is reversed on the authority of the dissenting opinion in the *393 court below. And to the same effect is a case in the Third City Hall Reporter, page 97. That is a lower court in New York, but it is not stated just what court it is: — “ The plaintiff may give evidence of the falsity of the libel though the defendant has not justified.”
Day, Lynch & Day, Fording & Harris and S. F. Hanselman, for plaintiff in error.
John O. Winship, for defendant in error.
Now, we have considered this question, as the question has seemed to us one of considerable doubt. There may be a difference between a general denial under our code, and a plea of the general issue, which is a plea of not guilty under the common law.
Here, in this petition, this libel is alleged to be false and malicious, and it'denies that it is false. So that, altogether, we consider the question is one of some doubt; yet we are inclined to follow — we have followed the authority that we found in those two New York eases to which I have referred, rather than the authority of the text books.
There is one assignment of error, and that is, that the plaintiff was allowed to prove her social standing. We think that the case in the 29th Ohio State, Fowler et al. v. Chichester, on page 9, (the opinion is found on page 13), decides that question, where the opinion says:
“ It is proper in an action for slander, for the plaintiff to show not only her social relations, but also the social relations of the defendant, for the purpose of enabling the jury to determine the nature and extent of the injury. The object of the action of slander is to recover damages for the injury sustained, in consequence of the uttering and publishing of the false and malicious charge. Any evidence, therefore, which tends to show the nature and .extent of the injury, is admissible.”
We think that the terms, “social relations,” and “social standing” used in the present case, are substantially the same, and that there was no error in that particular.
The judgment of the court below will be affirmed.